IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-32-BO
No. 7:23-CV-1694-BO

| | |
|---|---|
| LAMONT MERRITT LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and related motions. [DE 84]; [DE 83]; [DE 74]; [DE 67].[1] The government has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [DE 90], and petitioner filed a response in opposition. [DE 93]. The matters are now ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted. [DE 90].

## BACKGROUND

On June 7, 2021, petitioner pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [DE 37]. The presentence investigation report determined that petitioner was an armed career criminal, and thus subject to an enhanced sentence pursuant to 18 U.S.C. § 924(e). [DE 44]. On July 7, 2022, the Court sentenced petitioner to 180 months' imprisonment. [DE 64]. Petitioner did not appeal his conviction or sentence.

---

[1] Petitioner's related motions are duplicative of or amendments to his § 2255 motion, and the Court thus considers them together.

On July 5, 2023, petitioner filed a *pro se* "Motion to Petition and Challenge the Enhancement," along with an untitled cover letter, claiming ineffective assistance of counsel for not advising the Court of his mental capacity and that his criminal history does not support the determination of his being an armed career criminal. [DE 67, 68]. On January 9, 2025, the Court notified petitioner that it intended to construe his filings as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 81]. After petitioner confirmed his intention to pursue relief under § 2255 [DE 82], the government filed a Rule 12(b)(6) motion to dismiss on April 24, 2025. [DE 90].

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If it is determined that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). The "goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation and emphasis omitted) (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir.1996)).

The government moves to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

2

(2007); *see also* R. 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). While the Court should draw all reasonable factual inferences in petitioner's favor, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.2d 298, 302 (4th Cir. 2008).

Here, the government contends – and the Court agrees – that petitioner's § 2255 motion fails to plausibly allege a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).[2] In *Strickland*, the United States Supreme Court held that a petitioner claiming ineffective assistance of counsel must show both that (1) the counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id*. To establish deficient performance, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688; *see also United States v. Powell*, 134 F.4th 222, 228 (4th Cir. 2025) (stating that, when looking at deficient performance, "the critical question is whether an attorney's representation amounted to incompetence under prevailing professional norms."). To establish prejudice, a petitioner must show by "a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different." *Id*. at 694. However, "[s]urmounting *Strickland's* high bar is never an easy task" because "the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citation omitted).

There is nothing here to suggest that petitioner's attorney fell below any prevailing professional norms. First, defendant fails to plausibly allege any deficient performance in regard to his mental capacity. Defendant argues that his counsel was ineffective in failing to advise the

---

[2] In his response to the motion to dismiss, petitioner appears to concede that he "has not and cannot meet his burden to show ineffective assistance of counsel." [DE 93] at 4. The Court considers this claim out of an abundance of caution in light of petitioner's *pro se* status.

3

Court regarding his mental capacity and drug addiction. There is no record evidence which would support that there was any question regarding defendant's capacity to proceed, and defendant's bald allegations, without more, are insufficient to state a claim for ineffective assistance of counsel. Second, the record shows that petitioner's counsel objected to the armed career criminal designation in the presentence investigation report, as well as the lack of credit for acceptance of responsibility. [DE 40].

Even if petitioner could establish the first prong of the *Strickland* test, the result of proceedings would not have been different. The probation officer, responding to counsel's objection to petitioner being designated an armed career criminal, explained in detail why the designation was correct. [DE 44]. The term "violent felony" refers to any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another or is a burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B). As the probation officer noted, petitioner has three prior convictions for violent felonies. *See also United States v. Dinkins*, 928 F.3d 349, 357 (4th Cir. 2019) (North Carolina common law robbery is a violent felony under ACCA); *United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014) (North Carolina breaking and entering is a qualifying ACCA predicate). Petitioner is thus an armed career criminal, and he cannot show any prejudice resulting from counsel's allegedly deficient performance. The final presentence report further included a three-point reduction for acceptance of responsibility. [DE 44].

Accordingly, petitioner cannot meet either *Strickland* prong, and his claim for ineffective assistance of counsel fails. For the reasons discussed above, petitioner's direct challenge to his designation as an armed career criminal is also without merit. Petitioner contends in his response

4

Case 7:20-cr-00032-BO    Document 94    Filed 08/11/25    Page 4 of 5

to the motion to dismiss that he did not serve one year or more on his prior common law robbery conviction, but his argument is belied by the presentence report. The government's motion to dismiss is therefore granted. [DE 90].

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 90] is GRANTED and petitioner's § 2255 motion to vacate, set aside, or correct his sentence and related filings [DE 84]; [DE 83]; [DE 74]; [DE 67] are DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __8__ day of August 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE